# IN THE SUPREME COURT OF TENNESSEE
## AT KNOXVILLE
May 6, 2003 Session

## STATE OF TENNESSEE v. GERALD E. SAYLOR

**Appeal by Permission from the Court of Criminal Appeals**
**Criminal Court for Washington County**
**No. 25854     Lynn W. Brown, Judge**

---

**No. E2001-00604-SC-R11-CD - Filed September 30, 2003**

---

ADOLPHO A. BIRCH, JR., J., concurring and dissenting.

I concur in the majority's decision to affirm the defendant's conviction, but I respectfully dissent from the conclusion that the defendant did not make an unequivocal request for counsel. When a suspect invokes the right to counsel, police must cease questioning until counsel is present. State v. Huddleston, 924 S.W.2d 666, 669 (Tenn. 1996). A defendant "must articulate his desire to have counsel present sufficiently clearly that a reasonable police officer in the circumstances would understand the statement to be a request for an attorney." Davis v. United States, 512 U.S. 452, 459 (1994).

I have no quibble with the above statement of law. Thus, my concern is that the facts do not support the conclusion reached by the majority. Specifically, I find the defendant's statements and questions sufficiently clear to cause a reasonable officer, under the circumstances, to understand that the defendant wanted a lawyer. It appears, however, that the officer simply chose to ignore the defendant's repeated requests. During the interrogation, the defendant refused to answer a question about his parole, and instead he stated, "Well . . . I guess it don't matter until I can get a lawyer present." He then asked, "I'm supposed to have a lawyer though, don't I?" Instead of answering the defendant, the officer appeared to evade the questions and replied, "Hmmm?" The defendant again stated, "I have to have a lawyer present, I reckon'. Before you ask me." Again, the officer evaded the question by saying, "What's that?" Finally, the defendant stated, "You have to have a lawyer present before questioning." The officer merely responded that he had not asked the defendant any questions. The defendant later signed a Miranda waiver, but he maintained that he did not wish to waive his rights.

It is abundantly clear from the exchange between the defendant and the officer that the defendant was requesting an attorney. The defendant made at least four statements regarding the presence of an attorney. It seems, however, that the officer simply chose to disregard the defendant's requests.

Based on what I interpret as a clear request for an attorney, I conclude that the statement the defendant made to police should have been suppressed as having been obtained in violation of his Fifth Amendment right to counsel. Based on the overwhelming evidence against the defendant, however, I concur with the majority that sufficient evidence was presented to convict the defendant of voluntary manslaughter.

_____
ADOLPHO A. BIRCH, JR., JUSTICE